```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

HERBERT McCANTS, JR.,           :
                                :
     Plaintiff,                 :
                                :
vs.                             :     CIVIL ACTION 05-0099-M
                                :
JEFF PHILLIPS, INC. and         :
JAMES L. RACHEL,                :
                                :
     Defendants.                :
```

ORDER

This action comes before the Court on Plaintiff's Motion to Remand (Doc. 2).  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 16).

The Court notes, initially, that it is unable to read the attachments submitted by Defendants in removing this action (Doc. 1).  It appears that Defendants have submitted the exhibits on legal-sized paper so full transmissions were not made.  Therefore, Defendants are **ORDERED, not later than June 10, 2005**, to resubmit the Notice of Removal and the two exhibits so that the Court may have a full, complete copy of Defendants' submissions.

The Court will now address Plaintiff's Motion to Remand. The facts, very briefly, are as follows.  Plaintiff Herbert McCants, Jr. alleges that he was involved in a motor vehicle accident caused by Defendant James L. Rachel who was driving a cattle truck for his employer, Defendant Jeff Phillips, Inc. (Doc. 1, Exhibit 1, pp. 3-4).[1]  Plaintiff brought an action in the Mobile County Circuit Court against the two Defendants, raising claims of negligence and wantonness.  Plaintiff seeks "restitution for all damages authorized by law, said amount being in excess of the jurisdictional limits of [the Mobile County Circuit Court] **and less than $75,000**, and costs of court" (Doc. 1, Exhibit 1, p. 4) (emphasis in original).

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1441 (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936).  In a removal action, that burden is upon the defendant.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92

---

[1] The Court notes that even though it cannot read the complete text of the exhibits, it can read enough to understand the nature of them sufficiently to enter this Order.

(1921).  Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse.  Defendants assert it in the Notice of Removal (Doc. 1, ¶¶ 2-3); Plaintiff admits the same in his Motion to Remand (Doc. 2, p. 1, ¶ 3) ("The Parties agree that Plaintiff and Defendants were residents of different states at the time of the [] collision").

What is disputed is whether the matter in controversy exceeds $75,000.  McCants argues that the jurisdictional requirement of $75,000 has not been proven by Defendant (Doc. 2).

3

The Supreme Court has held that "the sum claimed by the plaintiff controls if made in good faith.  It must appear to a legal certainty that the claim is for less than the jurisdictional amount to justify dismissal."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).  Many courts have held that facts outside the complaint may be considered when the complaint fails to assert an amount or when it asserts only a minimum amount of damages.  *See, e.g.*, *Hale v. Billups of Gonzales, Inc.*, 610 F.Supp. 162 (M.D. La. 1985) (agreement between the parties); *Corwin Jeep Sales & Service, Inc. v. American Motor Sales Corp.*, 670 F.Supp. 591 (M.D. Pa. 1986) (financial statement and sale agreement); *Richman v. Zimmer, Inc.*, 644 F.Supp. 540 (S.D. Fla. 1986) (damage awards in similar cases); *Robinson v. Quality Insurance Co.*, 633 F.Supp. 572 (S.D. Ala. 1986) (damage awards in similar cases).

Defendants have asserted that Plaintiff intends to add another Plaintiff, the Estate of Robert Lampley, Jr.,[2] to this action for the purpose of bringing a wrongful death claim (Doc. 1, ¶¶ 2, 5).  As support for this assertion, Defendants have submitted a copy of an article in the local newspaper,

---

[2] Mr. Lampley was, apparently, killed in the collision which is the subject of this action.

4

the *Mobile Register*, which discusses the lawsuit contemporaneously with its having been filed in the State court (Doc. 1, Exhibit 2).

The Court is unable, at this time, to verify Defendants' assertion regarding the addition of another party as the article asserting such is incomplete.  Furthermore, the Court is not allowed to speculate as to what action Plaintiff—or an asserted Plaintiff—may or may not take in the future.  So, for the present time, this Court cannot act on Defendant's assertions of another Plaintiff being added to this action.

Looking at the evidence pending before it, the Court notes that Plaintiff asserts, in the Motion to Remand, that he is seeking approximately $6000 in compensatory damages for "medical and chiropractic healthcare expenses" (Doc. 2, p. 1, ¶ 4).  Plaintiff does not address the issue of punitive damages in either the complaint or the Motion to Remand (Doc. 1, Exhibit 1, pp. 2-3; Doc. 2).  The Court takes judicial notice, however, that a cursory examination of damage awards brought in negligence and/or wantonness actions in Alabama demonstrates that Defendants face possible exposure to amounts exceeding this Court's jurisdictional base of $75,000.  *See, e.g.*, *Moore v. United Services Auto Association*, 898 So.2d 725 (Ala. 2004) (award of $270,558.18); *Burt v. Shield Insurance*

*Company*, 2004 WL 870457 (Ala. Civ. App. April 23, 2004) (*pro tanto* settlement of $225,000).

Therefore, all things considered, the Court cannot find to a legal certainty that Plaintiff's possible damages under the agreement are worth less than the jurisdictional minimum. However, because the Court does not wish to force McCants to stay in this Court if he is truly seeking less than $75,000, McCants will be given an opportunity to provide the Court with further evidence for consideration.

Specifically, if Plaintiff and his attorneys wish to have this action remanded to the State Court, Plaintiff should complete an affidavit which comports with *Taylor v. Campbell*, 852 F.Supp. 978, 79-80 (M.D. Ala. 1994).  Essentially, the affidavit should state that McCants will limit his claims in this action to an amount below $75,000; that he will not amend or authorize anyone on his behalf to amend his complaint to request more than $74,999 and that such agreement is binding upon his heirs, executors, etc; and that if a jury returns a verdict in excess of $75,000, he will not accept an amount in excess of $74,999.  *Taylor*, 852 F.Supp. at 979-80. Additionally, the Court requires that Plaintiff state in his affidavit that he will honor this commitment even if this matter is left pending over one year.

Additionally, the Court cautions Plaintiff's attorneys to carefully read Judge Brevard Hand's opinion in *Robinson v. Quality Insurance Co.*, 633 F.Supp. 572 (S.D. Ala. 1986). Particular attention should be made to page 577 which discusses actions taken by the Court against Plaintiff and his attorneys should the affidavit—or the spirit thereof—be violated.

Plaintiff is **ORDERED** to file his *Taylor* affidavit, should he choose to submit it, **not later than June 17, 2005.** The Court will understand the filing of the affidavit as Plaintiff's attorney's affirmation of their understanding of *Robinson*.

DONE this 3rd day of June, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE